IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR SATTERLY, RICHARD MERCADO, and DANIEL PAGNIOZZI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:07CV-710-S<br>No.:_____ |
| LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT and MYLES COSGROVE, | ) ) ) | ***ELECTRONICALLY FILED*** |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME Plaintiffs, ARTHUR SATTERLY, RICHARD MERCADO, and DANIEL PAGNIOZZI, by and through their undersigned counsel, and complaining of Defendants, LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT and MYLES COSGROVE, state as follows:

### Introduction

1. This is an action pursuant to 42 U.S.C. § 1983 and state law to redress Defendant Cosgrove's unjustified seizure and use of deadly force, which Cosgrove effected under color or law and in the scope of his employment as a Louisville Metro Police Officer.

2. As is described in greater detail below, Defendant Cosgrove unlawfully detained Plaintiffs and then drew his gun fired 11 shots into the car Plaintiffs occupied under

circumstances when a well-trained officer would have known there was no grounds to do so.  Plaintiff Satterly was seven times by gun fire and the car rolled into a nearby embankment.

3.   Following the shooting, Defendant Cosgrove failed to take proper steps to secure medical care for Plaintiff Satterly. Cosgrove waited over three minutes to even contact his police department to report that an incident had occurred.  Moreover, Consgrove initially reported only that there had been a traffic stop, thereby concealing the fact that he had discharged his weapon and that Plaintiff's car was hit.  Cosgrove delayed informing the dispatcher of these facts for over sixteen minutes, and only after other police officers discovered the Plaintiff Satterly and his vehicle, thereby depriving Plaintiff of the opportunity to sooner receive needed medical treatment.

4.  In addition to their claims against Defendant Cosgrove, Plaintiffs also seeks a judgment against Defendant Louisville Jefferson-County Metro Government based on its unconstitutional policies and practices.   The unjustified shooting that Plaintiffs experienced is part of a pattern of improper shootings by the Louisville Metro police which results from improper training and a failure to discipline officers who engage in the use of deadly force and the use of deadly force and unjustified shootings.

**Jurisdiction and Venue**

5.   This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b).   On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

6.   Plaintiffs, Arthur Satterly, Richard Mercado, and Daniel Pagniozzi are citizens of Jefferson County, Commonwealth of Kentucky.

7.   Defendant, Myles Cosgrove, is a Metro Louisville police officer.   On information and belief, he resides in this judicial district.   At all times relevant, Defendant Cosgrove was acting under color of law and within the scope of his employment as a Metro Louisville police officer.

8.   The   Defendant   Louisville-Jefferson   County   Metro Government (Louisville) is a merged city/county government duly organized under Kentucky law.   Louisville is the employer of Defendant Cosgrove.

**The Shooting**

9.   At approximately 12:45 a.m., on December 23, 2006, Plaintiffs were sitting in a parked motor vehicle in the parking lot of the Westport Road Speedway Station, which is at or near the intersection of the Gene Snyder Expressway and Westport

Road.  They had come to purchase cigarettes and were committing no crime.

10.   At or about the time that Plaintiff Pagniozzi was exiting the vehicle to enter the store, Defendant Cosgrove pulled his police car in front Plaintiff's car in such a way as to block it.  Defendant Cosgrove then commanded Pagniozzi to return to the vehicle.  Pagniozzi complied.

11.   Defendant Cosgrove had no lawful justification for seizing the Plaintiff's vehicle or any of its occupants.

12.  Defendant Cosgrove then shattered the front driver's side window of Plaintiff's vehicle and fired 11 shots into the front driver side door, hitting Plaintiff Satterly, the driver, seven times.

13.   None of the Plaintiffs had done anything to justify Defendant Cosgrove's attack and he had no lawful justification for using such force.

14.   Plaintiff Satterly, attempted to maneuver the car away from the attack.  Moments after the shooting, Plaintiff's car came to rest on an embankment approximately 50 yards from the shooting.  Defendant Cosgrove could and did see the vehicle there.  However, Defendant Cosgrove waited over sixteen minutes before apprising anyone that he had discharged his weapon or that he may have injured the Plaintiffs.

15.   As a direct result, Plaintiff Satterly was left to

suffer under circumstances when medical care could and should have been provided to him.

### Count I — 42 U.S.C. § 1983
### Unlawful Arrest

16. Each paragraph of this complaint is incorporated as if set forth herein.

17. By all of the above, Defendant Cosgrove seized Plaintiffs without justification, in violation of the Fourth Amendment.

18. Defendant Cosgrove took these actions willfully and wantonly and without regard for Plaintiffs' rights.

### Count II — State Law False Arrest

19. Each paragraph of this complaint is incorporated as if set forth herein.

20. By all of the above, Defendant Cosgrove seized Plaintiffs without justification, in violation of state law.

21. Defendant Cosgrove took these actions willfully and wantonly and without regard for Plaintiffs' rights.

### Count III — 42 U.S.C. § 1983
### Excessive Force

22. Each paragraph of this complaint is incorporated as if set forth herein.

23. As described in the preceding paragraphs, the conduct of Defendant Cosgrove constituted excessive force in violation

of the United States Constitution.

24.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

25.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.   As a result of this misconduct Plaintiff Satterly experienced physical injury, pain and suffering and all Plaintiffs experienced extreme fear and other emotional pain and suffering.

27.   The misconduct described in this Count was the result of the policy and practice of Louisville and the Louisville Metro Police in that:

     a.   As a matter of both policy and practice, Louisville directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

     b.   As a matter of both policy and practice, Louisville facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Louisville Metro Police Officers to believe their shootings will not be genuinely

scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; and

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, Louisville Metro police officers engage in similarly-unjustified shootings. Louisville's policymakers are aware of this problem but have failed to take appropriate steps to remedy it.

### Count IV – State Law Assault and Battery

28.   Each paragraph of this complaint is incorporated as if set forth herein.

29.   As described in the preceding paragraphs, the conduct of Defendant Cosgrove constitute an unjustified assault and battery in violation of state law.

30.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

31.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32.   As a result of this misconduct Plaintiff Satterly experienced physical injury, pain and suffering and all Plaintiffs experienced extreme fear and other emotional pain and suffering.

## COUNT V – State Law *Respondeat Superior*

36.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37.  In committing the acts alleged in the preceding paragraphs, Defendant Consgrove was an agent of Defendant Louisville, acting at all relevant times within the scope of his employment.

38.  Defendant Louisville is liable as principal for all torts committed by its agents.

## COUNT VI – State Law Indemnification

39.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40.  Defendant Louisville is obligated by virtue of its police union contract and state law to indemnify any tort judgment for which employees are liable within the scope of their employment activities.

41.  At all relevant times, Defendant Cosgrove was an employee of the Louisville Metro Police Department, acting within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, ARTHUR SATTERLY, RICHARD MERCADO, and DANIEL PAGNIOZZI, respectfully demand judgment in their favor against Defendants, LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT and MYLES COSGROVE, awarding compensatory damages,

including, and attorneys' fees, along with punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/S/ David S. Mejia
David S. Mejia
Attorney for Plaintiffs
455 S. Fourth Street
370 Starks Building
Louisville, KY  40202
(502) 584-8991
E-mail:  dmejia@smtklaw.com